HOUSTON, Justice.
G & G Steel, Inc., an Alabama corporation, sought to appeal pursuant to Rule 5(a), A.R.App.P., from an interlocutory order, asserting that the trial court had erred in transferring its case from Franklin County to Madison County. The lawsuit was against Applied Technical Services, Inc. (a foreign corporation), and Harold Richard Chandler. This Court has elected to treat the Rule 5 petition for permission to appeal as a petition for a writ of mandamus.
The trial court’s order states in pertinent part that the defendant Applied Technical Services was “a foreign corporation” and that it was “doing business in the forum county [Franklin] at the time the cause of action arose in October 1988, but not at the time of suit in September 1991.”
Alabama Code 1975, § 6-3-7, provides, in pertinent part:
“A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose....”
Amendment No. 473, Constitution of Alabama 1901 (effective April 1, 1988), provides, in pertinent part:
“[A]ny foreign corporation, whether or not such corporation has qualified to do business in this state by filing with the secretary of state a certified copy of its articles of incorporation or association, may be sued only in those counties where such suit would be allowed if the said foreign corporation were a domestic corporation.”
A domestic corporation may be sued in any county in which it was doing business by agent at the time the cause of action arose (§ 6-3-7); therefore, on or after April 1, 1988, a foreign corporation could be sued in any county in which it was doing business at the time the cause of action arose.
This cause of action arose in October 1988; therefore, Applied Technical Services, Inc., could be sued in Franklin County. Because Applied Technical Services,. Inc., was doing business in Franklin County at the time the cause of action arose, venue was proper in Franklin County, and the trial court erred in transferring this case to Madison County.
Therefore, we issue the writ and direct the trial court to set aside its order transferring the case to Madison County.
PETITION FOR WRIT OF MANDAMUS GRANTED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.